# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| *Respondent/Plaintiff,* | ) | |
| | ) | |
| **vs.** | ) | **CIV-09-430-JHP** |
| | ) | **(Case No. CR-08-027-JHP)** |
| **ROBERT CHARLES HOGAN,** | ) | |
| | ) | |
| *Petitioner/Defendant.* | ) | |

## ORDER

This is a proceeding initiated by the above named Petitioner who is currently an inmate at the Federal Correctional Institution in Beaumont, Texas. This action was initiated pursuant to the provisions of 28 U.S.C. § 2255. Petitioner contends that his detention pursuant to the Judgment and Sentence of the United States District Court for the Eastern District of Oklahoma, in Case No. CR-08-027-JHP is unlawful. The Respondent filed a response by and through the United States Attorney for the Eastern District of Oklahoma.

The Court has reviewed the relevant trial court record associated with Case No. CR-08-027-JHP. The record reflects:

1. On March 21, 2008, Petitioner/Defendant, ROBERT CHARLES HOGAN ("HOGAN") was charged by Criminal Complaint filed in the United States District Court for the Eastern District of Oklahoma, Case Number 08-MJ-018-KEW, with Enticing a Minor to Engage in Sexual Activity in violation of Title 18, United States Code, Section 2422(b) and Attempted Production of Child Pornography in violation Title 18, United States Code, Section 2251(a). (Doc. 1).[1]

---

[1]Citations to "Doc. __" refer to the Docket Sheet in Case No. CR-08-087-JHP).

2.     HOGAN was indicted by a federal grand jury on April 17, 2008.  The Indictment,

filed in Case Number CR-08-027-JHP, charged HOGAN with COUNT ONE: USE OF

INTERSTATE FACILITY TO PERSUADE, INDUCE, ENTICE OR COERCE A MINOR TO

ENGAGE IN SEXUAL ACTIVITY, a violation of Title 18, United States Code, Sections 2422(b)

and 2427 and COUNT TWO: ATTEMPTED PRODUCTION OF CHILD PORNOGRAPHY, a

violation of Title 18, United States Code, Sections 2251(a) and 2251(e).  (Doc. 17-18).

2.     On June 9, 2008, HOGAN, pursuant to a written plea agreement, entered a plea of

guilty to a superseding Information filed on June 5, 2008, charging HOGAN with COUNT ONE:

USE OF INTERSTATE FACILITY TO PERSUADE, INDUCE, ENTICE OR COERCE A MINOR

TO ENGAGE IN SEXUAL ACTIVITY, a violation of Title 18, United States Code, Sections

2422(b).  (Doc. 37-44).

3.     The plea agreement was mutually entered by the parties pursuant to Rule 11(c)(1)(C)

of the Federal Rules of Criminal Procedure.  The terms of the agreement provided in pertinent part

that the government would move to dismiss the Indictment; the parties agreed a sentence of 180

months was reasonable and an appropriate disposition of the case; HOGAN agreed to waive his right

to appeal the sentence; and HOGAN agreed to waive his right to collaterally attack the conviction

and sentence pursuant to 28 U.S.C. § 2255, except for claims based upon ineffective assistance of

counsel which challenge the validity of the guilty plea.  (Doc. 44).

4.     Paragraph 21 of the plea agreement also contained the following statement of

HOGAN's provable offense conduct in support of the guilty plea:

> On or about March 14, 2008 to on or about March 20, 2008, ROBERT CHARLES
> HOGAN used a cellular telephone which is a facility of interstate commerce, to
> attempt to persuade, induce or entice M.L., a female child he knew to be 11 years of
> age, to engage in sexual activity for which any person can be charged with a criminal

offense, that is, to produce an image of M.L., engaging in sexually explicit conduct using a Sony Ericsson cellular telephone camera and/or a Polaroid camera both of which were manufactured outside the State of Oklahoma.

HOGAN acknowledged in the plea agreement he understood he would have to swear to the accuracy of this statement. (Doc. 44).

5.      At the plea hearing, HOGAN was advised of the nature of the charge to which he was pleading guilty and the range of punishment on the charge. HOGAN acknowledged he understood each of these. (Change of Plea Transcript at pp. 9-10). The terms of the written plea agreement, including the agreed 180-month sentenced, were discussed during the plea colloquy with the Magistrate Judge. (Plea Tr. at 16).

6.      At the plea hearing, the Magistrate Judge performed an inquiry as to HOGAN's competence to enter a guilty plea and found him competent to understand and appreciate the charges against him and the nature and consequences of the change of plea hearing. (Plea Tr. at 4-9)

7.      At the plea hearing, the Magistrate Judge required HOGAN to present a factual basis for the guilty plea. HOGAN made the following statement:

> During March of 2008, in the Eastern District of Oklahoma, I attempted to seduce a child under 12 to take a nude picture of her genitals using a camera cell phone that I had given her.

(Plea Tr. at 20).

8.      A Presentence Report ("PSR") was submitted which calculated the advisory sentencing guideline range to be 151-188 months, based upon a offense level of 34[2] and Category I criminal history.

---

[2]The PSR calculated a base offense level of 28, pursuant to U.S.S.G. § 2G1.3(a)(3), plus 8 levels for the age of the victim, pursuant to U.S.S.G. § 2G1.3(b)(5), minus two levels for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) for a total of 34.

9.      At the sentencing hearing on November 20, 2008, the Court approved the written plea agreement, adopted the presentence report as the factual basis for the sentence and HOGAN was sentenced in accordance with the plea agreement to 180 months, with 60 months of supervised release.  (Doc. 50-52).  After the sentencing hearing HOGAN executed an appellate waiver which was maintained by his defense counsel.  No direct appeal was filed.  (See Acknowledgment and Waiver of Right to Appeal).

10.     Pursuant to the terms of the plea agreement the United States of America submitted and the Court granted for filing a Notice of Intent to Dismiss the Indictment on November 20, 2008.[3] (Doc. 51).

11.     This motion to vacate pursuant to Title 28, United States Code, Section 2255 was filed by HOGAN on November 4, 2009.  (Doc. 54).

## ISSUES PRESENTED BY DEFENDANT
## IN SUPPORT OF HIS MOTION TO VACATE

HOGAN raises the following issues as grounds for his motion to vacate, correct, or set aside sentence pursuant to Title 28, United States Code, Section 2255.

**GROUND ONE:**      "My Attorney refused to see me after I was sentenced, leaving me no way to appeal. Inadequate defense."

**GROUND TWO**:      "My attorney said I was mentally fit for [entering guilty plea].  I disagreed, but it didn't matter.  What happened that morning in federal court was wrong."

**GROUND THREE:**  "Thru (*sic*) coercion and intimidation my lawyer had me plead guilty to a crime I did not committ (*sic*)."

---

[3]The impact of the dismissal was discussed in paragraph 58 of the PSR: "Had the defendant been convicted in Count 2 of the Indictment [Attempted Production of Child Pornography - Title 18, United States Code, Section 2251(a)], he would have been subject to a mandatory minimum sentence of twenty-five years."

**GROUND FOUR:** "My attorney, Ms. O'Connell, never told me they changed charges from asking for child porn to sexual activity."

(Doc. 54).

## DISCUSSION

"[A] waiver of § 2255 rights in a plea agreement is generally enforceable . . . ." *United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001). Three factors are considered in determining whether such waivers are enforceable: "(1) whether the [§ 2255 motion] falls within the scope of the waiver of [postconviction] rights; (2) whether the defendant knowingly and voluntarily waived his [postconviction] rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc)(reviewing a waiver of appellate rights).

In the instant case, it is clear that HOGAN's first collateral attack of his sentence falls within the scope of the waiver in the plea agreement. HOGAN's claim that his counsel inadequately defended him by filing an appeal is not "a claim based upon ineffective assistance of counsel which challenge the validity of the guilty plea." (See Plea Agreement - Doc. No. 44 at page 7, ¶ 17d). The second *Hahn* factor is also satisfied as to Ground One because HOGAN has not argued that he involuntarily waived his post conviction rights to challenge his sentence and conviction. As for the third *Hahn* factor, the Tenth Circuit has described the circumstances under which enforcing a waiver would result in a miscarriage of justice:

> Appellate waivers are subject to certain exceptions, including [1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful. [*United States v.*] *Elliot*, 264 F.3d [1171,] 1173 [(10th Cir. 2001)](citing *United States v. Cockerham*, 237 F.3d 1179, 1182 (10th Cir. 2001).

359 F.3d at 1327 (brackets in original) (internal quotation marks omitted). Here, there is only one possible ground for determining that enforcement of the waiver would result in a miscarriage of justice—namely, that HOGAN's plea itself was invalid because of ineffective assistance of counsel.

In his motion, HOGAN appears to make four claims of ineffective assistance of counsel; however, Ground One does not relate to the validity of his plea. HOGAN's first claim challenges only his counsel's performance at sentencing and failure to file an appeal. Therefore, the claims alleged in Ground One were waived by HOGAN.[4]

Although the Court determines the post-conviction relief waiver contained in HOGAN's plea agreement is controlling, the Court also finds HOGAN's first claim is nevertheless without merit. HOGAN contends that he asked his attorney to file an appeal. However, after the sentencing hearing was concluded, HOGAN executed a written appellate waiver informing his attorney he did

---

[4]HOGAN may attempt to argue that pursuant to *United States v. Garrett*, 402 F.3d 1262 (10th Cir.2005), the Court should conduct an evidentiary hearing to determine whether HOGAN requested his attorney to file an appeal.

In *Garrett,* the defendant had entered into a plea agreement which contained a waiver of his right to collaterally challenge his guilty plea or sentence. Despite the existence of the plea agreement, the Tenth Circuit found that the district court should have conducted an evidentiary hearing regarding whether Garrett had requested his attorney to file an appeal.

However, in footnote 9 of the unpublished opinion *United States v. Macias*, 229 Fed.Appx. 683, 2007 W.L. 1054691 (10th Cir.2007), the Circuit further explained *Garrett* stating:

". . . we did not enforce that [collateral attack] waiver because (1) the government had not argued the waiver barred Garrett's § 2255 motion based on counsel's failure to file an appeal and (2) the plain language of the waiver did not address the claim." *Id.* 229 Fed.Appx. at 687 (citing *United States v. Garrett*, 402 F.3d 1262, 1266 (10th Cir.2005). The *Macias* court stated that since the government had raised the waiver issue they were "satisfied the plea agreement permissibly waived Macias' ineffective assistance of counsel claim based on counsel's alleged failure to consult." *Id.* In the present case the government is raising the waiver of the right to challenge the alleged error contained in HOGAN's first claim.

6

not wish to appeal. Since no appeal was requested, it cannot be said that HOGAN's attorney was ineffective in not filing an appeal.

It is difficult to ascertain the challenge alleged in Ground Two. But, construing the language liberally, it appears HOGAN is arguing his counsel was ineffective by failing to raise the issue of HOGAN's competency to enter a guilty plea.[5] As such, it is arguable that Ground Two is not subject to the waiver provisions contained in the plea agreement because the claim goes to the validity of the plea agreement and plea itself. *See United States v. Pinson*, ___ F.3d ____, 2009 WL 3417706 (10th Cir.2009)(where Defendant phrased his 2255 claim in terms of ineffective assistance of counsel with respect to his competency, district court erred in determining the "[Defendant's] competency claim goes to the validity of the plea agreement itself-including the appeal waiver provision-and so the appeal waiver cannot preclude the claim.").

Although HOGAN's second claim may not have been waived, it is without merit. A defendant's incompetency at the time of pleading constitutes sufficient grounds for relief under section 2255. *See Schutz v. United States,* 432 F.2d 25, 29 (10th Cir.1970), *cert. denied,* 401 U.S. 1002 (1971). An evidentiary hearing is required when the defendant's allegations of incompetence at the time of pleading amount to more than conclusory statements. *See United States v. Gutierrez,* 839 F.2d 648, 652 (10th Cir.1988); *Nolan v. United States,* 166 F.2d 522, 524 (10th Cir.1972). Here, HOGAN has merely alleged that due to circumstances at the detention facility he was "in emotional despair and fear as my case was going on." HOGAN presents no evidence of incompetence at the time of the plea, nor alleges any evidence to support his claim that his attorney was ineffective in believing he was "mentally fit" to enter his plea.

---

[5]HOGAN alleges, "My attorney said I was mentally fit for [entering a plea]. I disagreed."

In fact, the record belies his allegations of incompetency. The issue of competency to enter a plea was fully explored at the plea hearing. (Plea Tr. at 4-9, 22-23). The Magistrate Judge questioned HOGAN and counsel and determined he was competent to enter his plea. (Plea Tr. at 4-9).

"In order to establish a successful claim for ineffective assistance of counsel, [HOGAN] must show (1) that counsel's performance was deficient, and (2) that this deficient performance prejudiced [his] defense." *United States v. Orange*, 447 F.3d 792, 796 (10th Cir. 2006) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). To satisfy the prejudice requirement, he "must show that there is a reasonable probability that but for counsel's alleged errors, the result of the proceeding would have been different." *Id.* at 797. "Because [HOGAN] must demonstrate both *Strickland* prongs to establish [his] claim, a failure to prove either one is dispositive." *Id.* at 796–97 (citation omitted). HOGAN cannot meet his burden on this issue and, therefore, Ground Two must be rejected.

In Ground Three HOGAN raises another claim regarding deficient performance of his counsel that could have affected his guilty plea. HOGAN claims that his counsel coerced and intimidated him into pleading guilty to a crime he did not commit. Such a claim is arguably not subject to the waiver provisions of the plea agreement. This claim, however, is not supported by the record and should also be rejected by the court.

At the plea hearing HOGAN was required to provide a factual basis for the guilty plea. The defendant stated he attempted to induce a child under the age of 12 to take photo of her genitals using a camera cell phone which he had given her. (Plea Tr. at 20). The defense also stipulated or agreed that the inducement was accomplished using a cellular telephone, which is a facility of

interstate commerce and that the telephone was manufactured outside the State of Oklahoma. (Plea Tr. at 20). An extended discussion of the elements of the crime occurred at the time of HOGAN's plea. (Plea Tr. at 20-22).

By the time of the sentencing hearing, HOGAN was well aware of the charge to which he had entered a guilty plea. According to his allegations in Ground Four of his Motion, "When I receive (*sic*) my copy of the "PSI"" was the first time I remember seeing or understanding" exactly what conducted he had admitted during his plea." (Motion, p. 9). Yet, the defense raised no objection to the facts set forth in the PSR and HOGAN made no protest in open court at his sentencing that he was innocent of the crime he had admitted at his change of plea. (Sentencing Transcript, attached hereto as Exhibit "C", at 1-14). Nor did he complain of his counsel's performance. (Sent. Tr. At 1-14). His conduct at the sentencing hearing is inconsistent with his third claim for relief.

The assessment of counsel's performance undertaken here, requires that the Court to apply "a heavy measure of deference to counsel's judgments." *Strickland v. Washington*, 466 U.S. 668, 691 (1984). A high level of deference must be afforded to the reasonableness of counsel's performance in light of all the circumstances at the time of the alleged error. See *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). "The requirement of effective assistance of counsel ... does not mean victorious or flawless counsel." *Brady v. United States*, 433 F.2d 924, 925 (10th Cir. 1970).

An ineffective assistance claim has two components. "First, [claimant] must show that counsel's performance was deficient," *United States v. Owens*, 882 F.2d 1493, 1501 (10th Cir. 1989) (quoting *Strickland v. Washington*, 466 U.S. 668, 686 (1984)). The proper standard for attorney

performance is "that of reasonably effective assistance." *Strickland,* 466 U.S. at 686. The Supreme Court mandates that judicial scrutiny of counsel's performance must be highly deferential and "we must indulge in a strong presumption 'that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Owens*, 882 F.2d at 1501 (quoting *Strickland*, 446 U.S. at 686).

Second, "it is not enough ... to show that the error had some conceivable effect on the outcome of the proceeding." *Strickland*, 446 U.S. at 686. Rather, the claimant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." To prove ineffective assistance of counsel, petitioner/defendant must show that his trial counsel committed serious errors in light of "prevailing professional norms" and that there is "a reasonable probability" that the outcome would have been different had those errors not occurred. *Strickland*, 466 U.S. at 688, 694; see also, *Lockhart v. Fretwell*, 113 S.Ct. 838, 842-843 (1993) (emphasizing that prejudice also requires that errors produced an unfair or unreliable trial). That proof must overcome the "strong presumption" that counsel was effective. *Strickland*, 466 U.S. at 689.

The Court finds HOGAN has failed to meet his burden showing that counsel's performance was deficient and has particularly failed to show that this deficient performance prejudiced him. Consequently his third claim must also be denied.

In Ground Four HOGAN raises another claim regarding deficient performance of his counsel that could have affected his guilty plea. In essence HOGAN is arguing that he did not realize he was pleading guilty to "seeking 'sexual activity'." This claim is of no merit. HOGAN entered a guilty plea to a superseding Information which alleged that he used a facility of interstate commerce to

induce a minor child "to engage in . . . any sexual activity for which any person can be charged with a criminal offense." (See 18 U.S.C. § 2422(b)) The sexual activity alleged in the superseding Information was production of child pornography[6] or lewd molestation. At his plea hearing, HOGAN admitted facts sufficient to establish a factual basis for a conviction. It was not necessary for there to be evidence of lewd molestation or sexual contact. As a result, the fourth ground for relief in the HOGAN's petition fails to establish a claim that his attorney was ineffective.

Therefore, the Court finds the record demonstrates the petitioner is entitled to no relief and that an evidentiary hearing would serve no purpose, nor would the denial of an evidentiary hearing be an abuse of discretion. *United States v. Barboa*, 777 F.2d 1420, 1422, nt. 2 (10th Cir. 1985).

Accordingly, for the reasons stated herein, Petitioner's Motion to Vacate, pursuant to 28 U.S.C. § 2255, is hereby denied.

**IT IS SO ORDERED** this 23rd day of June, 2010.

James H. Payne
United States District Judge
Eastern District of Oklahoma

---

[6]The Superseding Information specifically referenced Title 18, United States Code, Section 2427 which states, "[i]n this chapter, the term 'sexual activity for which any person can be charged with a criminal offense' includes the production of child pornography, as described in 2256(8)." Consequently, the act of inducing a minor child to take a nude photograph of her genitals would constitute a violation of Title 18, United States Code, Section 2422(b).